IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRYL L. BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:19cv159-SRW |
| FORD MOTOR COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON MOTION FOR REMAND**

Plaintiff Darryl L. Brown filed this action against Defendant Ford Motor Company in the Autauga County Circuit Court of the State of Alabama on January 29, 2019. Brown served Ford with the complaint in this action effective February 1, 2019.

According to Brown's allegations, in 2011 Ford designed, manufactured and marketed a model F-250 pickup truck with what it described as a low-emission, high-fuel-efficiency, "Power Stroke" diesel engine. Brown maintains that, notwithstanding Ford's representations regarding the Power Stroke diesel engine, the engine was neither less polluting nor more fuel efficient than other comparably-sized diesel engines. Ford continued manufacturing and marketing F-250 pickup trucks with the Power Stroke diesel engine, and, Brown alleges, knowingly continued to misrepresent the engine's emissions and efficiency characteristics from 2011 until 2017. In 2014, Brown purchased a used 2013 F-250 pickup truck manufactured by Ford with the Power Stroke diesel engine (the "vehicle") from a used car dealer for a purchase price of approximately $50,000.

Arising out of the foregoing, Brown alleges that Ford is liable to him under Alabama law for fraud, fraud in the inducement, breach of express warranty, and breach of implied warranty,

1

and under federal law for violation of the Magnuson-Moss Warranty Act. In connection with his state law claims, Brown seeks an award of his actual monetary damages in unspecified amounts, punitive damages in unspecified amounts, and attorney fees and costs. In connection with his federal claim, Brown seeks an award of his actual damages in an unspecified amount expressly stipulated not to exceed $49,000, as well as his attorney fees and costs.

Effective March 4, 2019, Ford removed Brown's action to this court, on the sole stated ground that this court can properly exercise diversity jurisdiction over Brown's claims pursuant to 28 U.S.C. § 1332(a), based on the complete diversity of the parties and the amount in controversy. In support of its removal, Ford asserts that the amount in controversy plainly exceeds the $75,000 jurisdictional threshold after Brown's prayer for unspecified punitive damages is taken into account.

Now before the court is Brown's Motion for Remand (Doc. 6). The undersigned has considered the motion and all of the pleadings on file. For the reasons set forth below, Brown's motion will be granted, and this action will be remanded to the Autauga County Circuit Court for further proceedings in that forum.

I.  **LEGAL STANDARD**

"A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after . . . notice of removal under section 28 U.S.C. §]1446(a) [is filed]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On a motion for remand, the party opposing remand has the burden to establish that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998). The removal statute, 28 U.S.C. § 1441, is strictly construed against the party seeking to establish grounds for removal, such

that all doubts about removal must be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## II.   ANALYSIS

### A.   Removal premised on diversity jurisdiction

When a defendant removes an action from state court on the ground that the federal court may properly exercise diversity jurisdiction over the action, the defendant bears the burden of establishing federal jurisdiction, including satisfaction of the amount-in-controversy requirement as of the date of removal.[1] *See Leonard v. Enterprise Rent–A–Car*, 279 F.3d 967, 972 (11th Cir. 2002). Where the complaint does not specify a total amount in controversy, the party seeking removal must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See id.* Where a complaint seeks award of punitive damages, courts consider the amount of punitive damages that may be awarded on the plaintiff's claims in determining whether the jurisdictional threshold has been satisfied. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *see also Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

---

1   The federal courts may properly exercise diversity jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there exists complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). Here, it is not disputed that the parties are diverse for purposes of Section 1332.

In analyzing the merits of a motion for remand, if it is not facially apparent from the complaint that the jurisdictional threshold has been met, the courts accept as true the removing defendant's unchallenged allegations regarding the amount in controversy; however, where the removing defendant's allegations regarding the amount in controversy are challenged, courts consider the parties' evidentiary submissions to determine whether the removing defendant has met its burden to establish the satisfaction of the jurisdictional threshold by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553-554 (2014). In making that determination, the courts may properly make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010), *quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 754 (11th Cir. 2010).

Here, Ford offers no evidence regarding the amount in controversy,[2] but rather invites the court to infer or extrapolate from Brown's allegations that it is facially apparent that the jurisdictional threshold has been exceeded. First, Ford argues that it may reasonably be inferred from Brown's allegations that Brown's alleged actual damages are in the amount of approximately $50,000. Second, Ford argues that the court may rely on its "judicial experience and common sense," *Taylor v. Alabama CVS Pharmacy, L.L.C.*, 2017 WL 3009695, *2 (N.D. Ala. July 14, 2017) (unpublished disposition), to determine both that punitive damages may be awarded on Brown's claims and that, in the event such damages were awarded, they would be in an amount

---

2  Although Ford asserts that it is "simply untrue" that it has offered no evidence as to the amount of punitive damages in controversy, Doc. 12, pp. 5-6, Ford's submissions provide no evidence as to either the amount of punitive damages or the amount of actual damages in controversy. Ford's sole evidentiary proffer in opposition to Brown's motion to remand establishes only that, presented with a substantially identical motion for remand premised on substantially identical facts, Judge Lynwood Smith of the Northern District of Alabama denied the motion without analysis or discussion. (Doc. 18.)

<mark>4</mark>

sufficient to bring the total amount in controversy above the jurisdictional threshold.

Ford's argument is unpersuasive. As to the actual damages component of the amount in controversy, Ford notes Brown's allegation that, but for Ford's misrepresentations regarding the characteristics of the Power Stroke diesel engine, he "would not have purchased the vehicle or would have paid less for it," Doc. 1, Exh. A, ¶ 20, and his allegation that the purchase price Brown paid for the vehicle was "approximately $50,000," *id.*, ¶ 6. On the basis of these allegations, Ford contends that "on the face of the Complaint, the full purchase price of the vehicle" – approximately $50,000 – "is in controversy." (Doc 12, p. 5, n. 2.) However, it is fundamental that in calculating the amount of Brown's actual damages, the value of the vehicle that Brown received in the transaction must be deducted from the price he paid for it, lest Brown receive a windfall in the amount of the vehicle's actual value at the time of its purchase.

While the actual value of the vehicle at the time of its purchase cannot be inferred either from Brown's allegations or from the allegations of Ford's notice of removal, Brown has submitted probative evidence that the actual purchase price of the vehicle was $44,000 (Doc. 6, Exh. 1) (specifically, a copy of the purchase order memorializing Brown's purchase of the vehicle from a used car dealer), and that the fair market value of the vehicle as of January 23, 2019, was $29,480 (Doc 6, Exh. 2) (specifically, a copy of a Carfax report regarding Brown's vehicle). Although "judicial experience and common sense" compels the conclusion that the actual fair market value of the vehicle in 2014 exceeded that of the same vehicle more than four years later in 2019, such that Brown's damages are necessarily *lower* than the difference between the vehicle's 2014 purchase price and its fair market value in 2019, for present purposes the undersigned finds that Brown's actual damages may be inferred not to exceed that difference, or approximately $14,500.

Again, Ford does not offer evidence to the contrary, but rather variously characterizes

5

Brown's proffered evidence as "a means of inserting an arbitrary, low cash figure into the Motion," Doc. 12, p. 5, and as a failure to "provide any factual support for limitation of damages," *id.*, p. 7. Ford's conclusory characterizations of Brown's proffered evidence do not, however, provide any grounds to support a determination that his evidence is non-probative and, in the absence of evidence that Brown paid a different purchase price for the vehicle than that stated on the purchase order, or that the Carfax report provided an inaccurate estimate of the vehicle's January 23, 2019 fair market value, Brown's evidence is the only material, probative evidence before the court. Thus, the court finds for purposes of determining the merits of Brown's motion to remand that Brown's actual damages in controversy are approximately $14,500.

As to the punitive damages component of the amount in controversy, Ford argues that, because Brown did not seek a specified amount of punitive damages, it may be inferred that the amount of punitive damages in controversy necessarily exceeds the jurisdictional minimum. In support, it cites *Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, *1 (N.D. Ala. Nov. 7, 2013) (unpublished disposition); *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013) (unpublished disposition); and *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (collectively suggesting that a plaintiff's failure to specify the amount in controversy permits the inference that the jurisdictional threshold has been exceeded). Ford maintains, alternatively, that the court may use its judicial experience and common sense to infer that a punitive damages award equal to the amount of Brown's claimed actual damages would bring the amount in controversy above the jurisdictional threshold.

As to the proposition that a plaintiff's failure to specify the amount in controversy permits the inference that the jurisdictional threshold has been exceeded, the cases Ford cites in support are not precedential and do not bind this court, and the proposition itself flies directly in the face

of the holdings of *Dart Cherokee*, *supra*, and *Leonard*, *supra*, regarding the burden faced by a removing defendant opposing a motion for remand. Moreover, other courts within the Eleventh Circuit have recently characterized the cases on which Ford relies in support of the proposition as an unpersuasive minority view. *See, e.g.*, *Bennett v. Williams*, 2017 WL 3781187, *2 (N.D. Ala. Aug. 31, 2017) (unpublished disposition); *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018). The undersigned declines to adopt Ford's position; it will adhere instead to Supreme Court and Eleventh Circuit precedent establishing that where the amount in controversy is not facially apparent from the complaint and/or notice of removal, it is the burden of the removing defendant to show by a preponderance of the evidence that federal subject-matter jurisdiction is present. *See supra*; *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007) ("it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case . . . where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice . . . without seriously testing the limits of compliance with [Federal Civil Procedure] Rule 11").

As to Ford's invitation for the court to infer on the basis of judicial experience and common sense that Brown's prayer for punitive damages is facially sufficient to bring the amount in controversy above the jurisdictional minimum, the court also must decline. Assuming actual damages in controversy of approximately $14,500, even a punitive damages award in the amount of four times Brown's actual damages would not bring the total amount in controversy above the threshold amount. Moreover, nothing in the undersigned's judicial experience or in the operations of common sense supports the likelihood that, on the facts alleged, a jury is likely to award Brown punitive damages in an amount greater than four times his actual damages.

Because Ford has failed to meet its burden to establish the amount-in-controversy

requirement by a preponderance of the evidence, the undersigned finds that this court may not properly exercise diversity jurisdiction over Brown's action on removal.

## II.   Existence of an unasserted basis for removal

Notwithstanding the failure of the parties to raise the issue, the undersigned notes that Brown brings a federal claim for violation of the Magnuson-Moss Warranty Act, providing a clear basis for the exercise of federal question jurisdiction over that claim pursuant to 28 U.S.C. § 1331. Because Brown's federal claim arises out of precisely the same operative facts as his state law claims, it appears likely that this court could have exercised supplemental jurisdiction over Brown's state law claims pursuant to 28 U.S.C. § 1367 had Brown initially filed this action in this court. Despite the foregoing, Ford elected not to assert federal question and/or supplemental jurisdiction as a basis for removal of this action to this court, but rather chose to assert diversity jurisdiction as the sole basis for removal. Moreover, in opposition to Brown's motion to remand, Ford argues that remand would be inappropriate not because this court could properly exercise federal question and/or supplemental jurisdiction over Brown's claims, but, again, solely on the ground that this court could properly exercise diversity jurisdiction over this action as of the time of removal.

In effecting removal of this action, Ford was under a procedural obligation to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). To the extent that removal might have been proper on the grounds of federal question jurisdiction, Ford's failure to provide a short and plain statement of the grounds for federal question jurisdiction over Brown's claims constitutes a defect in the removal procedure. Because Brown objected to removal within 30 days after Ford effected removal, the defect in Ford's removal procedure would mandate remand of this action even if Ford had sought removal on the basis of federal question jurisdiction.

*See* 28 U.S.C. § 1447(c); *see also, e.g., Burns*, 31 F.3d at 1095 (because the removal statutes are strictly construed against removal, all doubts about removal must be resolved in favor of remand; moreover, the right to remove where federal subject matter jurisdiction exists must be balanced against the principle that the plaintiff is the master of his complaint). The possibility that Ford might remove this action a second time following remand does not disturb the conclusion that remand is appropriate because the remand statute does not contain a futility exception, *see* U.S.C. § 1447, and also because Brown may elect to amend his complaint in state court to abandon his Magnuson-Moss Warranty Act claim (which appears on its face to be redundant with his state law breach of warranty claims) before Ford elects to remove again, thus potentially eliminating the possible ground for removal before it occurs.

## CONCLUSION

For the reasons set forth above, it is

ORDERED that Brown's Motion for Remand (Doc. 6) is GRANTED, and this action is REMANDED to the Autauga County Circuit Court for further proceedings in that forum.

Done, on this the 28th day of August, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge
